# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JONATHAN ALLAN LAYNE,** | ) | Civil Action No. 7:11-cv-00360 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **KELLY JENKINS, et al.,** | ) | By: Hon. Michael F. Urbanski |
| Defendants. | ) | United States District Judge |

Jonathan Allan Layne, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names Kelly Jenkins and Dr. Ali of the Roanoke City Jail ("Jail") as the defendants. Plaintiff alleges that Jenkins' labeling plaintiff as having Hepatitis impacted his ability to earn wages inside and outside the Jail. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915. After reviewing plaintiff's submissions, the court grants plaintiff leave to proceed in forma pauperis and dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in his verified complaint. While incarcerated in the Jail, plaintiff was rushed to a hospital for liver failure caused by an occluding stent. Layne alleges that Jenkins, ostensibly somehow connected with the Jail's medical department, assumed he had Hepatitis C and noted it in his medical record without any medical evidence. Plaintiff filed grievances about not having Hepatitis C, and Dr. Ali ordered a blood panel. The blood panel established that plaintiff does not have Hepatitis C. Plaintiff requests as relief to be moved to a regional jail or have Jenkins removed from the Jail's medical department and to receive $25,000 in compensatory damages.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.

1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff's claim that an incorrect entry on his medical report deprived him of the chance to earn money in the Jail or in the public economy does not state a constitutional claim. See, e.g., Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980) (stating inmates have no constitutional right to job opportunities while incarcerated). Furthermore, plaintiff merely alleges that Jenkins negligently performed her job, which may provide relief in a tort action but not under § 1983. See, e.g., Estelle v. Gamble, 429 U.S. 97, 104-06 (1976) (stating negligence is not a constitutional claim). Accordingly, plaintiff presently fails to state a claim upon which § 1983 relief may be granted, and the court dismisses his complaint without prejudice.

III.

For the foregoing reasons, the court grants plaintiff leave to proceed in forma pauperis and dismisses the complaint without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to plaintiff.

            Entered: August 4, 2011

            */s/ Michael F. Urbanski*

            Michael F. Urbanski
            United States District Judge